IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Jeffrey B. Fowler, | ) | C/A No.: 1:09-2470-CMC-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | REPORT AND RECOMMENDATION |
| Angelina R. Brown, Margie Noe, Cpl. | ) | |
| Claude Nesbitt, Cpl. V. White, and Capt. | ) | |
| Robert Molden, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff Jeffrey B. Fowler is an inmate at Turbeville Correctional Institution and filed this pro se action on September 21, 2009, alleging various claims pursuant to 42 U.S.C. § 1983. Plaintiff amended his complaint on March 5, 2010, and after Defendants answered, the court issued a scheduling order. Thereafter, the court granted Plaintiff's motion for extension of time to complete discovery and ordered that discovery be completed by June 14, 2010.

On May 4, 2010, Plaintiff filed a motion to dismiss his case on the grounds that he does not have sufficient time to research and properly prepare his case and lacks sufficient means to present his documentation to the court to support his claim. [Entry #32]. Plaintiff asks that the court dismiss his case without prejudice so as to allow him the opportunity to raise his claims at a later date when he is able to obtain representation upon his release. While Defendants dispute the reasoning of Plaintiff in outlining his basis for his motion to dismiss, Defendants do not oppose or object to the dismissal as requested by Plaintiff.

This case was automatically referred to the undersigned for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Civil Rule 73.02(B)(2)(d) and (e) (D.S.C.). Because Plaintiff's motion to dismiss is a dispositive motion, this report and recommendation is entered for review by the district judge.

Pursuant to Fed. R. Civ. P. 41(a)(2), unless a stipulation of dismissal signed by all the parties is submitted, an action shall not be dismissed in a case in which a responsive pleading has been filed except upon order of the court and upon such terms and conditions as the court deems proper. Here, Plaintiff has advised the court that he wishes to voluntarily dismiss this case, and Defendants consent. Plaintiff is proceeding pro se, and pro se litigants are traditionally treated with some degree of leniency by the federal courts. *See Cruz v. Beto*, 405 U.S. 319 (1972). Defendants having no objection to the dismissal of this case, it is recommended that this case be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(a)(2), with leave to refile within the relevant statute of limitations.[1]

---

[1] While there is no federal statute of limitations for § 1983 actions, the analogous state statute governing personal injury actions applies in § 1983 cases. *See Wilson v. Garcia*, 471 U.S. 261 (1985). The statute of limitations for § 1983 causes of action arising in South Carolina is three years. *See* S.C. Code Ann. § 15-3-530(5). Under S.C. Code Ann. § 15-3-535, "the statute of limitations is triggered not merely by knowledge of an injury, but by knowledge of facts, diligently acquired, sufficient to put an injured person on notice of the existence of a cause of action against another." *Moriarty v. Garden Sanctuary Church of God*, 534 S.E.2d 672 (S.C. 2000). South Carolina law is also clear that the allegedly injured plaintiff must exercise "reasonable diligence" in the pursuit of any personal injury action.

IT IS SO RECOMMENDED.

November 29, 2010                          Shiva V. Hodges
Florence, South Carolina                   United States Magistrate Judge


**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**